UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

v.

FRANK F. WILLIAMS,

    Defendant.

Criminal Action No. TDC-19-0135

## MEMORANDUM ORDER

Defendant Frank F. Williams, a federal prisoner at the Federal Correctional Institution Jesup ("FCI-Jesup") in Jesup, Georgia, has filed a Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 166. In his Motion, Williams seeks release based on the COVID-19 pandemic and a medical condition which he argues has placed him at higher risk of severe illness from COVID-19.

On November 8, 2019, Williams pleaded guilty to interference with interstate commerce by robbery, in violation of 18 U.S.C. § 1951(a), and using, carrying, and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). On February 6, 2020, Williams was sentenced to a total term of imprisonment of 96 months, to be followed by five years of supervised release. In light of credit for pretrial detention and projected good time credits, Williams is currently scheduled to be released on November 14, 2025.

## DISCUSSION

Ordinarily, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c) (2018). This general rule is subject to certain exceptions, including the compassionate release provision, which allows the Bureau of Prisons ("BOP") to seek a

modification of a prisoner's sentence. *See id.* § 3582(c)(1)(A). Under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), the compassionate release provision was modified to also allow prisoners to seek a sentencing reduction directly from the Court. The provision now provides, in relevant part, that:

> The court may not modify a term of imprisonment once it has been imposed except that:
>
> (1)   in any case that-
>
> > (A)   the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that-
> >
> > > (i)   extraordinary and compelling reasons warrant such a reduction;
> >
> > \* \* \*
> >
> > and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A). According to Williams, he made a request for compassionate release to the Warden of FCI-Jesup, and more than 30 days have elapsed since that filing, so he has exhausted administrative remedies.

## I.   Extraordinary and Compelling Reasons

Williams, who is 26 years old, argues that the COVID-19 pandemic and his present medical conditions, specifically that he has bronchitis and is unvaccinated against COVID-19, present "extraordinary and compelling reasons" warranting a sentence reduction to time served. 18 U.S.C. § 3582(c)(1)(A)(i). Generally, in the context of the COVID-19 pandemic, the Court has found that

extraordinary and compelling reasons could exist when an inmate has a condition that places the inmate at high risk for severe illness from COVID-19, and the inmate is incarcerated within a prison in which there is imminent risk of contracting COVID-19. Williams asserts, without providing documentation, that he has "severe bronchitis." Mot. at 2, ECF No. 166. The United States Centers for Disease Control and Prevention ("CDC") has listed chronic bronchitis as a condition that can make an individual "more likely to get severely ill from COVID-19." *See People with Certain Medical Conditions,* Ctrs. for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Dec. 3, 2021). However, even if Williams could substantiate his claim, the risk he faces from COVID-19 has been reduced significantly over the past year because of the availability of the COVID-19 vaccine. Although Williams has also stated that he is at higher risk because he is unvaccinated, he has neither claimed that the vaccine is unavailable to him nor explained why he has not received it. Notably, the BOP reports that 1,095 inmates have been fully vaccinated at FCI-Jesup, reflecting that the vaccine is available to inmates like Williams. COVID-19 Coronavirus, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Dec. 3, 2021). Further, at the present time, likely because of the availability of the vaccine, FCI-Jesup has no active cases of COVID-19. *See id.* Under these circumstances, even considering Williams's bronchitis, the Court does not find that the present impact of COVID-19 on Williams satisfies the requirement of "extraordinary and compelling reasons." *See* 18 U.S.C. § 3582(c)(l)(A)(i). Finally, the Court also finds that Williams's additional proffered reasons for a sentence reduction-an elderly relative who needs a caretaker and Williams's record of having no prison infractions and attending classes while in prison-do not constitute "extraordinary and compelling reasons" under the present facts. *Id.*

## II.     18 U.S.C. § 3553(a)

Even if the Court were to find extraordinary and compelling reasons, before granting a sentence reduction, the Court must also consider the factors in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A). Here, the nature and circumstances of this offense were very serious. Williams and three co-defendants engaged an armed robbery of a commercial business during which Williams brandished a loaded firearm. Presentence Investigation Report ("PSR") ¶¶ 8-10, ECF No. 116. Williams and his co-defendants then led police on a high-speed chase before they were apprehended. PSR ¶ 10. Though Williams had a limited criminal record at the time, the original total sentence of 96 months was necessary to meet reflect the seriousness of the offense, promote respect for the law, provide just punishment, provide adequate deterrence, and protect the public from further crimes. 18 U.S.C. § 3553(a). Where at this time, Williams has served only approximately 36 months of his sentence, a sentence reduction to time served is not compatible with the § 3553(a) factors and the purposes of sentencing. So even if the requirement of extraordinary and compelling reasons were deemed to have been met, the Court would not grant the requested sentence reduction. The Motion will therefore be denied.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Williams's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), ECF No. 166, is DENIED.

Date:  December 6, 2021

_____
THEODORE D. CHUANG
United States District Judge